**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRIDGETTE MITCHELL, ROBERT MITCHELL, and DENZEL WOOTEN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF CHICAGO, BRIAN STACY, and TODD GATES, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.      Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district as alleged below.

### Parties

4.      At all times relevant to this Complaint, Plaintiffs Bridgette Mitchell, Robert Mitchell and Denzel Wooten resided in Cook County, Illinois.

5.      Defendants Brian Stacy (#16749) and Todd Gates (#17224) ("Defendant-Officers"), were, at the time of the events alleged, duly appointed and sworn police officers employed by the City of Chicago.

6.      At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

1

7.     The Defendant-Officers are sued in their individual capacities.

8.     Defendant City of Chicago is a municipal corporation, incorporated under the laws of the State of Illinois, and was the employer and principal of the Defendant-Officers at the time of the events alleged in this Complaint.

**Facts**

9.     On July 19, 2024 at approximately 7:45 pm, the Defendant-Officers were traveling in a Chicago police vehicle on West Washington Boulevard between Central Avenue and Austin Boulevard in Chicago, Illinois.

10.     Defendant Gates observed a person standing in front of their residence near the sidewalk and claimed to observe the imprint of a firearm in the pocket of the person's hooded sweatshirt.

11.     The Defendant-Officers stopped their vehicle and pursued the person on foot into a home at 5820 West Washington Boulevard.

12.     Upon reaching the door of the home, the Defendant-Officers both kicked the front door, and then Defendant Stacy proceeded to kick the door multiple times and use his body to break the door off the hinges and force entry into the home.

13.     At the time the Defendant-Officers forced entry into the home, they did not have a warrant or consent to enter the home.

14.     At the time of the Defendant-Officers forced entry into the home, they did not have probable cause or other legal basis to enter the home by force or any other means.

15.     At the time that the Defendant-Officers forced entry into the home, Plaintiff Denzel Wooten and two children aged 10- and 12-years old were in the living room area.

16.     The Defendant-Officers entered the home with their guns drawn.

2

17. Wooten asked the Defendant-Officers what was going on (or words to that effect) and the Defendant-Officers responded that they saw someone with a gun run into the home.

18. Defendant Stacy stated that a man ran into the house with a gun in his hand multiple times to other officers who had responded to the home and to other adults in the home.

19. The statements that a man ran into the house with a gun in his hand were false.

20. Defendant-Officers Stacy and Gates also each stated that the man who had run into the house "had just pulled a gun on us."

21. The statements that a man had just pulled a gun on Stacy and Gates were false.

22. The Defendant-Officers and several other officers who had arrived entered and searched the home.

23. Defendant Stacy then accused Wooten of having a firearm.

24. Wooten repeatedly told the Defendant-Officers and other officers present at the home that nobody had a gun and that there was no gun in the house.

25. The Defendant-Officers repeatedly stated that they saw a man with a gun in his hand that ran into the house and that it was on their body worn camera.

26. The officers' body worn camera did not record a man with a gun in his hand running into the house.

27. After searching the home, the officers did not find a gun.

28. Defendant Stacy called Sergeant Loiacono and told him that a man ran in the home at 5820 West Washington Boulevard with a gun in his hand.

29. The Defendant-Officers proceeded to detain and handcuff Wooten, alleging that he was the person who had a gun and ran into the home.

30. Loiacono then arrived at the home.

3

31. Loiacono told the Defendant-Officers to release Wooten.

32. Loiacono told the Defendant-Officers and other officers on scene to get out of the house.

33. Plaintiffs Bridgette Mitchell and Robert Mitchell are the owners of the residence.

34. Bridgette Mitchell arrived at the home while the Defendant-Officers, other officers and Sergeant Loiacono were still at her home.

35. Sergeant Loiacono informed Bridgette Mitchell that the City would pay for the repairs to her door and how to submit the request for the repair.

36. Bridgette Mitchell submitted the necessary application and supporting documents.

37. The City refused to pay for the repairs to the door, stating the Defendant-Officers were justified in breaking the door based on "hot pursuit."

38. Plaintiff Bridgette Mitchell lodged a complaint against the Defendant-Officers for entering and searching the Mitchells' home and detaining Wooten without a legal and/or constitutional basis.

39. COPA investigated the complaint (Log # 2024-6222).

40. COPA investigators sustained the complaint against the Defendant-Officers finding that they lacked a basis to force entry into the home, search the home and detain Wooten.

41. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including emotional distress, loss of freedom, and damage to their home.

**COUNT I**
**(42 U.S.C. § 1983 Fourth Amendment Claim for**
**Unlawful Detention)**

42. Plaintiff Wooten re-alleges all preceding paragraphs as if fully set forth herein.

4

43. Defendant-Officers, knowing that probable cause did not exist, acted individually, jointly, and/or in a conspiracy, to cause Plaintiff to be detained without probable cause, thereby violating Plaintiff's right to be free from unreasonable seizure guaranteed to him by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Wooten asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Entry and Search of Home

44. Plaintiffs Bridgette and Robert Mitchell re-allege all preceding paragraphs as if fully set forth herein.

45. Defendant-Officers acted individually, jointly, and/or in a conspiracy, to cause the forced entry and search of Plaintiffs' home without a warrant, probable cause or other legal or constitutional basis.

WHEREFORE, Plaintiffs Bridgette and Robert Mitchell ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

5

## COUNT III
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

46.     The acts of the Defendant-Officers described above were willful and/or wanton and committed in the scope of employment.

47.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, the Defendant-Officers' employer, the City of Chicago, is liable for any judgments for compensatory damages and attorneys' fees and costs against the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order the City of Chicago to indemnify the Defendant-Officers for any judgment for compensatory damages, attorneys' fees and costs entered in this case arising from the Defendant-Officers' actions.

## JURY DEMAND

48.     Plaintiffs demand a trial by jury on all claims.


Respectfully submitted,

s/Amanda S. Yarusso
*Counsel for Plaintiffs*

Amanda S. Yarusso
1180 N Milwaukee Ave
Chicago IL 60642
773-510-6198
amanda.yarusso@gmail.com